UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CASE NO. 9:03-CR-56 |
| § | |
| ALBERT DESHON MARTIN § | |

## ORDER ADOPTING
## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE

The Court referred this matter to United States Magistrate Judge Keith F. Giblin, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas. In accordance with 18 U.S.C. § 3401(i) and 18 U.S.C. § 3583(e), Judge Giblin held a hearing and submitted findings of fact and a recommendation on the revocation of the defendant's supervised release.

Having conducted the proceedings in the form and manner prescribed by Federal Rule of Criminal Procedure 11 and 18 U.S.C. § 3583, the magistrate judge issued his *Findings of Fact and Recommendation on Plea of True* [doc. #40]. The magistrate judge recommended that the Court revoke the defendant's supervised release and impose a term of imprisonment for the revocation with an additional term of supervision to follow.

The parties have not objected to the magistrate judge's recommendation. After review, the Court concludes that the *Findings of Fact and Recommendation* should be accepted.

It is **ORDERED** that the *Findings of Fact and Recommendation on Plea of True* [doc. #40] are **ADOPTED.** The Court finds that the defendant, Albert Deshon Martin, violated conditions of

his supervised release. The Court accordingly **ORDERS** that the defendant's term of supervision is **REVOKED**. Pursuant to the magistrate judge's recommendation, the Court **ORDERS** the defendant to serve a term of eighteen (18) months imprisonment for the revocation, to run concurrently with the term of imprisonment he is currently serving in the Louisiana Department of Corrections for the sentence imposed in Case 00289310 in Caddo Parish, Louisiana. The Court accordingly designates the facility where Mr. Martin is serving his Louisiana state sentence as a facility where he can receive federal custody credit from the Bureau of Prisons (BOP). No further supervision is ordered in this case.

So ORDERED December 9, 2012

_____
Ron Clark